UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

BRANDON BRADLEY, SR.,

      Plaintiff,

     v.                           Case No. 20-C-561

MARK JENSEN, et al.,

      Defendants.
─────────────────────────────────────────────

## SCREENING ORDER
─────────────────────────────────────────────

Plaintiff Brandon Bradley Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's amended complaint for failing to comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure and directed Plaintiff to file an amended complaint curing the defects in the original. Plaintiff filed a motion for leave to file an amended complaint on May 18, 2020. The court will grant Plaintiff's motion and screen the amended complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, after he was attacked by RHU staff, he submitted green and blue slips for medical attention and mental health treatment on June 2, 2018. He claims he informed Jensen and Vick that he had been groped and beaten by Sgt. Beahm; he had been tazed; he had cuts on his arms, legs, back, and face; and he needed medical attention. He also informed them that he smeared feces and that he was not being fed. Vick responded that she notified Lt. Nelson of the sexual assault and physical assault.

Plaintiff smeared pen ink into his wounds to get medical attention, and Jensen would not pull him out. Plaintiff alleges that when Nurse Kacyon came on the tier, he told her that Sgt. Beahm had attacked him but she did not report it or take action. He alleges he also wrote Crystal

2

Marchant about the attack, and she refused to provide him with medical attention. Plaintiff claims Marchant, Jensen, Vick, and Kacyon entered fabricated evidence in his HSU file.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff claims Jensen, Vick, Marchant, and Kacyon were deliberately indifferent to his serious medical needs by refusing to provide him with medical attention. The Supreme Court in *Estelle v. Gamble* held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and unwanton infliction of pain proscribed by the Eighth Amendment. 429 U.S. 97, 104 (1976). Plaintiff's allegations that these defendants ignored his complaints and failed to provide him with medical treatment are sufficient, at the pleadings stage, to state a claim under this principle of law. Accordingly, Plaintiff may proceed on deliberate indifference claims against Jensen, Vick, Marchant, and Kacyon.

Plaintiff also asserts that Vick, Kacyon, Marchant, and Jensen failed to protect him after he informed them that he had been sexually and physically assaulted and violated federal Prison Rape Elimination Act standards. Although the purpose of the PREA is to reduce the occurrence of rape and sexual abuse in prisons, nothing in the language of the Act suggests that it was intended to create a private right of action. *See Rivera v. Drake*, No. 09-CV-1182, 2010 WL 1172602, at *3 (E.D. Wis. Mar. 23, 2010). Accordingly, Plaintiff's allegation that he suffered a PREA violation does not state a claim. Prison officials have a duty to protect inmates from violence when they are aware that the inmate faced a "substantial risk of serious harm" and "disregard[ed] that

3

risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). In this case, Plaintiff alleges that he only complained to the defendants about an incident that had already occurred. Plaintiff's amended complaint does not contain any allegations that these defendants were aware of a specific or impending threat to Plaintiff's safety. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Accordingly, Plaintiff's claim against these defendants must be dismissed.

Plaintiff asserts that Kacyon, Jensen, Marchant, and Vick covered up their misconduct by altering documents in his HSU file, but he does not identify what documents were altered. Plaintiff's bare allegations that these defendants violated his constitutional rights by altering documents in his file are not sufficient to state a constitutional claim. Accordingly, Plaintiff cannot proceed on this claim against the defendants.

Finally, to the extent Plaintiff asserts Beahm violated his constitutional rights by assaulting him, Plaintiff has been permitted to proceed on this claim in Case No. 20-C-82. As a result, Plaintiff cannot proceed on this claim in this case. The court finds that Plaintiff may proceed on deliberate indifference claims against Kacyon, Jensen, Marchant, and Vick.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 19) is **GRANTED**. The Clerk is directed to detach and e-file the amended complaint (Dkt. No. 19-1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 16) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Sergeant Beahm is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 27th day of May, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court

6

Case 1:20-cv-00561-WCG   Filed 05/27/20   Page 6 of 6   Document 20