UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

        Plaintiff,

        v.                          Case No. 20-C-561

MARK JENSEN,
NURSE GWEN VICK,
JENNIFER KACYON, and
CRYSTAL MARCHANT,

        Defendants.

## DECISION AND ORDER

Plaintiff Brandon Bradley, Sr., who is serving a state prison sentence at the Columbia Correctional Institution and is representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Waupun Correctional Institution. On December 14, 2020, Defendants moved for summary judgment on the ground that Bradley failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 41. The Court will grant the motion and dismiss this case.

## BACKGROUND

The Court allowed Bradley to proceed on Eighth Amendment deliberate indifference claims against Defendants based on his allegations that Defendants refused to provide him medical treatment following an alleged assault on June 2, 2018. Dkt. No. 44 at ¶2. On June 18, 2020, Bradley filed an inmate complaint asserting that medical staff had failed to treat him on June 3, 2018. *Id.* at ¶5. That same day, the institution complaint examiner (ICE) returned the inmate complaint to Bradley and told him he could resubmit his complaint after remedying two issues.

*Id.* at ¶¶6-7.  First, Bradley had to submit supporting documentation showing he attempted to informally resolve his issue and, second, he had to limit his inmate complaint to one clearly identified issue.  *Id*. at ¶7.  There is no record of Bradley resubmitting his inmate complaint or appealing the rejection of his inmate complaint.  *Id.* at ¶8.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)).  In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial."  *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id.*  Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act (PLRA), which applies to this case because Bradley was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted."  42 U.S.C.

2

§1997e(1).  According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Defendants argue that the Court must dismiss this case because Bradley failed to exhaust the available administrative remedies before he initiated this lawsuit.  Although Bradley submitted an inmate complaint, that complaint was returned to him unfiled with the opportunity to resubmit it after he addressed identified deficiencies.  Records indicate that Bradley neither resubmitted his inmate complaint nor appealed the rejection of his inmate complaint.  According to Bradley, he "appealed all rejections in this matter via US mail" and "submitted multiple ICE's regarding the abuse suffered in this case that went unresponded [sic] to."  Dkt. No. 48 at 2.  Bradley asserts that he "was h[i]ndered in every way by DCI, CCI, WCI, ICE Dept and security staff," making the administrative remedies unavailable.  *Id.*

Bradley has not created a genuine issue of triable fact regarding whether he resubmitted an inmate complaint and/or appealed the rejection of his original inmate complaint.  Bradley vaguely asserts that he "appealed all rejections" and "submitted multiple ICE's" but he does not include details to support these assertions, such as when he submitted the inmate complaints and appeal or the substance of the inmate complaints and appeal.  Similarly, he asserts that he was "hindered" from availing himself of the administrative process, but he does not say who hindered his efforts, when they hindered his efforts, or how they hindered his efforts.

3

To avoid summary judgment, a "party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995). To rebut Defendants' evidence showing that Bradley did not file additional inmate complaints and did not appeal the rejected inmate complaint, Bradley needed more than just a bald assertion that Defendants' evidence was wrong. *See Turner v. The Saloon, Ltd.*, 595 F.3d 679, 691 (7th Cir. 2010) (reiterating that "an opponent of summary judgment must do more than raise 'some metaphysical doubt as to the material fact'" (citations omitted)). Given the unsupported and flimsy nature of Bradley's statements, no jury could reasonably find in his favor.

Further, as the Seventh Circuit recently observed, Wisconsin prisons have established complaint procedures that allow prisoners to raise concerns about unaddressed inmate complaints and appeals. *See Lockett v. Bonson*, 937 F.3d 1016, 1026-27 (7th Cir. 2019). Bradley presents no evidence suggesting that he availed himself of the complaint procedures in an effort to understand why his inmate complaints and/or appeal were not being addressed. His failure to make such an inquiry is fatal to his assertion that he exhausted the available remedies. *Id.* at 1027-28. Defendants are entitled to summary judgment.

Because the Court has determined that Bradley failed to exhaust the available administrative remedies before he initiated his lawsuit, the Court cannot reach the merits of Bradley's claims. Accordingly, the Court will deny Bradley's motion for summary judgment, which the Court had previously stayed pending its resolution of Defendants' motion for summary judgment on exhaustion grounds.

4

**CONCLUSION**

For these reasons, Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 41) is **GRANTED**, Bradley's motion for summary judgment (Dkt. No. 34) is **DENIED**, and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of January, 2021.

s/ William C. Griesbach

William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

---